Dear Mayor McCoy:
As Mayor of the Town of Roseland, you ask this office to advise what actions you and the Board of Aldermen may take to compel the Town's elected chief of police to perform the duties of his office.
More particularly, you assert in your letter that "the police chief of our town no longer comes to the police station" and "the police chief does not answer phone calls directed to the police station nor to him personally." Further, you state "several criminal violations have occurred in our town over the last few months and the police chief has not addressed these concerns at all." Finally, you state "the Board of Aldermen and I have invited the chief of police to town council meetings and he has refused to attend and address the problems that are affecting the public safety and welfare of our citizens and our town."
We first point out that the Town of Roseland is a Lawrason Act municipality, governed by the provisions of La.R.S. 33:321, etseq. As such, the Town's chief of police is elected. See La.R.S. 33:381(B). With respect to the statutory duties imposed upon an elected chief of police in a Lawrason Act municipality, La.R.S. 33:423 provides that the chief of police has ". . .general responsibility for law enforcement in the municipality, and shall be charged with the enforcement of all ordinances within the municipality and all applicable state laws. He shall perform duties required of him by ordinance. . ."
This office has repeatedly recognized jurisprudence which stands for the proposition that the chief law enforcement officer of a Lawrason Act municipality has the inherent power and authority to supervise and direct the administration and day-to-day operation of the police department, and the governing authority *Page 2 
cannot infringe upon this inherent power and authority.[1]
Additionally, we have stated that an elected chief of police is an elected official and cannot be relegated to an inferior position of a municipal employee.[2] Further, as an elected official and not a municipal employee, the chief of police is not required to establish or set specific working hours for himself.[3]
Notwithstanding the inherent authority of the chief to administer his office, it is the opinion of this office that if there is a lack of performance of law enforcement duties by the chief of police, the Town of Roseland may seek the remedy of mandamus under La.C.C.P. art. 3863, providing that "a writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law. . ." It is well-established that the extraordinary remedy of a writ of mandamus is only appropriate to compel a public officer to perform some action "in which no element of discretion is left to the public officer." Felix v. St. Paul Fire and MarineIns. Co., 477 So.2d 676, 682 (La. 1985).
This office is not a finder of fact, a function within the jurisdiction of a court of law. Here, we make no factual determination relative to the chief's conduct; rather, we simply point out that the remedy of mandamus is available to the Town of Roseland regarding a chief of police who fails to perform the non-discretionary ministerial duties of his office.
We hope the foregoing is helpful to you. Should you have other questions with which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY:_________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERLAL
 KLK:arg
[1] See Lentini v. City of New Orleans,252 La. 413, 417 (La. 1968); Cogswell v. Town of Logansport,321 So.2d 774 (La. App. 2nd Cir. 1975); and La. Atty. Gen. Op. Nos. 02-77, 02-15, 00-51, 99-27, 94-73, 93-580, 93-446, 93-13, 88-115.
[2] La. Atty. Gen. Op. No. 00-51.
[3] La. Atty. Gen. Ops. 11-0025, 98-469, 95-13, 87-696.